UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LORRAINE WEJROWSKI, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:06CV292 CDP |
| ) | |
| WYETH, et al., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

This matter is before the court on plaintiffs' renewed motion to remand this action to state court. Plaintiffs' claims were originally filed in state court as part of a case involving multiple plaintiffs. That case was previously removed to this court and remanded back to Missouri state court for lack of subject-matter jurisdiction. After the plaintiffs' individual claims were severed by the state court, defendants again removed this severed claim. Before I issued a ruling on plaintiffs' second motion to remand to state court, the matter was transferred to the related multidistrict litigation case. When the case was returned to this court for trial, plaintiffs filed this renewed motion to remand their case to state court. Because removal by the defendant is barred by the one-year time limitation set forth in 28 U.S.C. § 1446(b), I will grant the motion to remand.

## Background

This claim was originally filed in state court on July 7, 2004 as part of a case styled *Paula Ballard, et al. v. Wyeth, et al.*, Civil Case No. 042-07388A. The original petition joined claims of multiple plaintiffs who alleged injuries stemming from hormone replacement therapy drugs produced or sold by the defendants. On July 30, 2004, plaintiffs filed an amended petition to add additional plaintiffs. Defendants removed the case to this court in August of 2004, alleging fraudulent misjoinder of plaintiffs. On November 8, 2004, I concluded that there was not complete diversity of citizenship and granted plaintiffs' motion to remand for lack of subject-matter jurisdiction. Civil Case. No. 4:04CV1111 CDP.

Upon remand, the defendants filed a motion to sever the claims of the individual plaintiffs. On August 24, 2005, the state court granted the motion to sever, but it did not dismiss the claims or require that new actions be filed. Instead, it ordered the plaintiffs to file separate amended complaints.[1] In accordance with this order, plaintiffs filed their second amended complaint on January 26, 2006. Defendants again removed the case to this court on February 24, 2006, and plaintiffs moved to remand it to state court in March of 2006. On

---

[1]The original order required that the amended complaints use the same *Ballard* case number followed by an individual numerical suffix, but when this was not possible through the clerk's office, each amended complaint was given a new case number. However, there was also a docket entry on each case stating, "Refer to Cause No. 042-07388A for prior entries," and the amended complaints were indexed with the same filing date as the original case.

September 5, 2006, the Judicial Panel on Multidistrict Litigation transferred this case to the pending multidistrict litigation ("MDL") case in the Eastern District of Arkansas, *In re Prempro Prods. Liab. Litig.*, Case No. 4:03CV1507 WRW (E.D. Ark.). Once the case was transferred to the MDL, the pending motion to remand was denied without prejudice pursuant to a standing order in that case.

The case was remanded to this court from the MDL on March 8, 2012. Defendants then filed a motion to transfer venue to the Eastern District of Wisconsin, and plaintiffs filed their renewed motion to remand the case to state court.

## **Discussion**

28 U.S.C. § 1441(a) permits a defendant, under certain circumstances, to remove a civil action from a state court to a federal district court on the basis of diversity of citizenship. It provides as follows:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

The procedure for removing a case to federal court is contained in 28 U.S.C. § 1446. At the time that this case was filed, the relevant statutory language provided:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action*.

28 U.S.C. § 1446(b)(emphasis added).[2]

Complete diversity now exists and so federal jurisdiction would be proper under 28 U.S.C. § 1332 if the current version of this case had been originally filed in federal court, but for this Court to have removal jurisdiction, the removal must have been proper under the removal statutes. Plaintiffs argue that remand is required because : (1) removal is barred by the one-year time limit set forth in 28 U.S.C. § 1446; (2) removal was not timely; and (3) removal was barred because

---

[2]This statute was amended in 2011 and currently reads as follows: "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, *unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action*." 28 U.S.C. § 1446(c)(emphasis added).

the event destroying diversity was not a voluntary act by the plaintiff. Defendants oppose each of these bases for remand and also assert that plaintiffs have waived their right to seek remand at this stage of the litigation.

## One-Year Time Limit Set Forth by 28 U.S.C. § 1446(b)

The one-year time limit contained in 28 U.S.C. § 1446(b) applies to cases that were not removable to federal court when initially filed, but later became removable. *See Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002). When this case was initially filed on July 7, 2004, it was not removable because complete diversity did not exist. Plaintiffs argue that the one-year limitation runs from the initial case filing – July 7, 2004 – but defendants argue that the period did not begin until plaintiffs filed their second amended petition – January 26, 2006 – in compliance with the state court's severance order.

I conclude that the previous version of § 1446(b) precluded defendants' removal because the state court severance order provided specific provisions demonstrating that the amended complaints would not create new actions. The plaintiffs did not have to pay filing fees or serve process on the defendants. The state court intended to use the original case number for all of the new amended complaints and only assigned new case numbers when it was not possible for the clerk's office to comply with this procedure. And its severance order specifically

stated that the amended complaints were to "be indexed with a filing date the same as in the original case." (Doc. #38-2).

Defendants argue that because the state court severed the original plaintiffs' claims pursuant to Missouri Rule 56.02, the amended complaints commenced new and independent lawsuits. Rule 56.02 is parallel to Federal Rule of Civil Procedure 21. *See State v. Stubbs*, 485 S.W.2d 152, 155 (Mo. Ct. App. 1972). Thus, like a Rule 21 severance, this severed claim "proceeds as a discrete, independent action and the trial court may render final, appealable judgment on the severed claim . . . ." *E.S. v. Ind. Sch. Dist., No. 196 Rosemount-Apple Valley*, 135 F.3d 566, 568 (8th Cir. 1998). But even though the plaintiffs' second amended complaint will proceed as an independent claim from the point it was severed, it was still part of the original case filed on July 7, 2004, and the state court recognized that it was commenced then. Defendant' opportunity to remove was limited to one year from that original commencement date, and the intervening removal, remand, and severance have no effect on the one-year time limit.

Defendants alternatively argue that I should recognize an equitable exception to the one-year time limit because of plaintiffs' forum manipulation. Courts have disagreed, however, about whether the one-year limit contained in the previous version of § 1446 is subject to an equitable exception. *See Tedford v.*

*Warner-Lambert Co.*, 327 F.3d 423, 425-26 (5th Cir. 2003) (holding that an equitable exception applied and collecting cases).[3]

Although the Eighth Circuit Court of Appeals has not directly decided this issue, it has stated that "[f]ailure of a party to remove within the one year limit precludes any further removal based on diversity." *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 600 (8th Cir. 2002). Analysis of a statute must begin with its plain language, and, if unambiguous, that language is conclusive absent legislative intent to the contrary. *See In re M & S Grading, Inc.*, 457 F.3d 898, 901 (8th Cir. 2006). The plain language of the previous version of § 1446(b) compels the conclusion that the one-year time limitation is absolute and jurisdictional. And the legislative history shows that when the one-year limit was initially added, Congress recognized that it would reduce the ability of defendants to remove some

---

[3]The legislative history for the 2011 amendment of § 1446 contained an explanation regarding the varied interpretations of the previous version of the statute:

> In 1988, Congress amended this statute to prohibit the removal of diversity cases more than one year after their commencement. This change was intended to encourage prompt determination of issues of removal in diversity proceedings, and it sought to avoid the disruption of state court proceedings that might occur when changes in the case made it subject to removal. The change, however, led some plaintiffs to adopt removal-defeating strategies designed to keep the case in state court until after the 1-year deadline passed. In those situations, some courts have viewed the 1-year time limit as "jurisdictional" and therefore an absolute limit on the district court's jurisdiction. Other courts have viewed the period as "procedural" and therefore subject to equitable tolling . . . . In light of some ambiguity in the case law . . . , inclusion of statutory language to resolve the conflict is appropriate.

H.R. Rep. No. 112-10, at 15 (2011), *reprinted in* 2011 U.S.C.C.A.N. 576, 580.

diversity cases, but considered this "a modest curtailment in access to diversity jurisdiction." *See H.R. Rep. No. 100-889,* at 72, *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032-33. In 2011 Congress changed the law, and explicitly created the exception that defendants argue for here. But for this Court to create such an exception to the one-year limit in the previous version of § 1446 would improperly contravene the Court's role of interpreting and applying a statute as written by Congress. I conclude that the limitation in the previous statute was jurisdictional and not subject to any equitable exception.

### Affirmative Waiver of Plaintiffs' Right to Remand

Defendant argues that even if their removal occurred outside the one-year time limitation, the plaintiffs waived their right to seek remand by failing to renew their motion during the time that the case was pending in the MDL. *See Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 529 (8th Cir. 1996) (noting that a district court retains "discretion to deny [plaintiff's] timely motion to remand on the ground that his prior affirmative conduct in federal court had waived his right to seek remand on non-jurisdictional grounds").

As stated above, I conclude that the one-year time limitation in the previous version of 28 U.S.C. § 1446(b) was a jurisdictional limitation. Jurisdictional limitations cannot be forfeited or waived. *Dill v. Gen. Am. Life Ins. Co.*, 525 F.3d 612, 616 (8th Cir. 2008). Therefore, despite any actions plaintiffs took in the

MDL court, they could not have waived their right to seek remand of this case to state court. This is a court of limited jurisdiction, and I cannot assert jurisdiction where Congress has not provided it. *See* 28 U.S.C. § 1447(c) (requiring a district court to remand a case "[i]f at any time before final judgment it appears that the district court lacks subject-matter jurisdiction").

Because defendants removed this case after the one-year time limit expired, removal was untimely. This case must be remanded back to state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' renewed motion to remand [#37] is GRANTED.

**IT IS FURTHER ORDERED** that defendants' motion to transfer venue [#23] is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that this case is remanded to the Missouri Circuit Court for the 22nd Judicial Circuit (City of St. Louis) from which it was removed.

                                                        _/s/ Catherine D. Perry_
                                                        CATHERINE D. PERRY
                                                        UNITED STATES DISTRICT JUDGE

Dated this 21st day of June, 2012.